**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MIGUEL ANGEL VAZQUEZ YANEZ,

Petitioner,

v. Case No. 3:26-cv-1213-WWB-PDB

WARDEN, FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner, with help from counsel, initiated this action, on May 8, 2026, by filing a Petition for Writ of Habeas Corpus challenging his mandatory detention under 8 U.S.C. § 1225, and seeking, among other relief, an individualized bond hearing. (Doc. 1).

Federal Respondents filed a Response (Doc. 9), with exhibits (Doc. Nos. 9-1, 9-2). They acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a). (Doc. 9 at 4–5). But because Petitioner did not request a bond hearing with the immigration court before filing this case, he has failed to exhaust his administrative remedies and thus this case should be dismissed. (*Id.*).

Petitioner filed a counseled Reply arguing that while he filed this case days after the Eleventh Circuit Court of Appeals issued *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), the Court should excuse his requirement to exhaust his administrative remedies because exhaustion would be futile. (Doc. 11 at 3). In support of that contention, Petitioner asserts that "[t]here has been no indication nor evidence provided . . . that Immigration Judges in this District have been conducting custody

redetermination hearings for noncitizens that like [ ] Petitioner were being subject to mandatory detention . . . ." (*Id.* at 4).

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Exhaustion, however, is not a jurisdictional requirement. *Id.* at 474–75. In other words, a court need not inquire into exhaustion on its own and a court has the discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted. *Id.* at 475. Indeed, exhaustion in the § 2241 context can be excused. *See, e.g.*, *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (in § 2241 appeal, explaining that "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action" (internal quotation marks and alteration omitted)).

Here, the Eleventh Circuit decided *Hernandez Alvarez* and concluded that detention for aliens in Petitioner's position is governed by § 1226(a) two days before Petitioner filed this case. The Court acknowledges that at the time Petitioner filed his Reply and argued exhaustion would be futile, *Hernandez Alvarez* was at its inception and courts in this circuit may not have yet issued many orders directing the immigration court to conduct bond redetermination hearings. Nevertheless, Petitioner's preconceived notion that courts and immigration judges would ignore the binding effect of *Hernandez Alvarez* does not excuse Petitioner's requirement to exhaust his administrative remedies or render such otherwise unavailable. Indeed, this case is distinguishable from cases in which this Court has found it unnecessary for petitioners to exhaust claims that they were

improperly classified as "arriving aliens" under 8 U.S.C. § 1225(b)(2) and denied bond hearings. *See, e.g.*, *Jaimes-Martinez v. Warden, Baker Cnty. Det.*, No. 3:26-cv-138-WWB-LLL, Doc. 23 (M.D. Fla. Sept. 15, 2026). In that case, BIA precedent—binding on immigration judges—foreclosed the possibility of any relief for that petitioner. *Id.* at 2 n.2.

Those are not the facts before the Court here. Notably, Federal Respondents admit Petitioner is entitled to a bond hearing. To that end, because Petitioner has not requested a bond hearing with the immigration court, he has not yet exhausted his administrative remedies. As such, it is premature for the Court to reach the constitutional questions presented in the Petition. *See, e.g.*, *Portillo v. Gualtieri*, No. 8:26-cv-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) (concluding that the petitioner failed to exhaust administrative remedies because she did not seek a bond redetermination before an immigration judge); *Vasquez Martinez v. Warden*, No. 3:26-cv-1841, 2026 WL 2388997, at *2 (M.D. Fla. Aug. 17, 2026) (same). As a result, the Petition is dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.
2. The Warden's Motion to Dismiss (Doc. 10) is **DENIED**.
3. The **Clerk** shall enter judgment dismissing the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on October 2, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: Counsel of record